1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY THOMAS,                                No.  2:24-cv-02234-DAD-CSK

12                        Plaintiff,

13           v.                                      ORDER TO SHOW CAUSE

14   ACE MARKET, et al.,

15                        Defendants.

16

17           Plaintiff filed a complaint initiating this action on August 19, 2024.  (Doc. No. 1.)  The

18   same day, a summons was issued and an initial scheduling conference was set for January 14,

19   2025.  (Doc. Nos. 2, 3.)  On January 3, 2025, in light of the apparent lack of service on defendants

20   and the parties' failure to file a joint status report as required, the court reset the initial scheduling

21   conference for February 24, 2025 and ordered the parties to file a status report regarding

22   scheduling no later than February 10, 2025.  (Doc. No. 4.)  Plaintiff's counsel did not file any

23   report in compliance with the court's orders and failed to appear at the February 24, 2025 initial

24   scheduling conference.[1]  (Doc. No. 9)

25   _____

26   [1]  The court observes that on February 24, 2025, the same day as the initial scheduling
     conference, plaintiff filed requests for entry of default as to defendants Ace Market and Kumar.
27   (Doc. Nos. 7, 8.)  Neither filing explains why plaintiff failed to file a status report by December
     31, 2024 or February 24, 2025 as ordered and failed to appear at the February 24, 2025
28   scheduling conference as required.

                                                    1

1    Accordingly, **plaintiff is ordered to show cause in writing within seven (7) days** from

2  the date of entry of this order why this action should not be dismissed due to plaintiff's failure to

3  comply with court orders and prosecute this action.  Further, **counsel for plaintiff is ordered to**

4  **show cause** in writing why sanctions should not issue against him due to his failure to follow the

5  court's orders on numerous occasions.[2]  *See Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50

6  F.3d 730, 732 (9th Cir. 1995) (noting the court has the inherent power to manage its own

7  proceedings and to "discipline the members of the bar who appear before it"); *see also Erickson*

8  *v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) (noting the court's discretion under its

9  inherent power to fashion an appropriate sanction).

10    Plaintiff is warned that his failure to comply with this order may result in this action being

11  dismissed due to plaintiff's failure to comply with court orders.

12    IT IS SO ORDERED.

13  Dated:   **February 26, 2025**

14  DALE A. DROZD
    UNITED STATES DISTRICT JUDGE

---

26  [2]  The court observes that plaintiff's counsel was also plaintiff's attorney of record in *Pena v.*
    *Motahar Motahar*, Case No. 2:24-cv-01760-DAD-CKD, another recent case assigned to the
27  undersigned where plaintiff's counsel failed to file a scheduling report as required on two
    occasions, failed to appear at the initial scheduling conference, and failed to respond to the court's
28  order to show cause, resulting in the dismissal of that action.