1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY THOMAS,                          No.  2:24-cv-02234-DAD-CSK

12                   Plaintiff,

13        v.                                  ORDER TO SHOW CAUSE WHY
                                              SANCTIONS SHOULD NOT BE IMPOSED
14   ACE MARKET, et al.,                      AGAINST PLAINTIFF'S COUNSEL

15                   Defendants.

16

17
          Plaintiff, proceeding through counsel, filed a complaint initiating this action on August 19,
18
     2024.  (Doc. No. 1.)  The same day, a summons was issued and an initial scheduling conference
19
     was set for January 14, 2025.  (Doc. Nos. 2, 3.)  On January 3, 2025, in light of the apparent lack
20
     of service on defendants and the parties' failure to file a joint status report as required, the court
21
     reset the initial scheduling conference for February 24, 2025 and ordered the parties to file a
22
     status report regarding scheduling no later than February 10, 2025.  (Doc. No. 4.)  Plaintiff's
23
     counsel, Beilal M. Chatila, again did not file any report in compliance with the court's orders and
24
     failed to appear at the February 24, 2025 initial scheduling conference.  (Doc. No. 9)
25
          On February 24, 2025, the same day as the initial scheduling conference, plaintiff filed
26
     requests for the entry of default by the Clerk of the Court as to defendants Ace Market and
27
     Kumar.  (Doc. Nos. 7, 8.)  Neither such request explained why plaintiff had failed to file a status
28

                                                 1

report by December 31, 2024 or February 24, 2025 as ordered and failed to appear at the February 24, 2025 scheduling conference as required.

On February 27, 2025, plaintiff was ordered to show cause in writing within seven days why this action should not be dismissed due to plaintiff's failure to comply with court orders and prosecute this action, and counsel for plaintiff was ordered to show cause why sanctions should not issue against him due to his failure to follow the court's orders on numerous occasions. (Doc. No. 10 at 2.)[1]

Plaintiff's counsel did not respond to the court's order within seven days. Instead, on March 24, 2025, plaintiff filed a notice of voluntary dismissal of this action. (Doc. No. 11.) Plaintiff's notice of voluntary dismissal did not address or respond to the court's order to show cause in any way.

Accordingly, **plaintiff's counsel, Beilal M. Chatila, is once again ordered to show cause in writing within seven (7) days** from the date of entry of this order why sanctions should not issue against him due to his failure to follow the court's orders on numerous occasions and why his course of conduct across several cases filed in this district should not be referred to the California State Bar. *See Lozano v. Cabrera*, 2023 WL 2387583, *2 (9th Cir. Mar. 7, 2023)[2] (directing the Clerk of the Court to forward a copy of the court's order affirming the imposition of sanctions to the State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3), (b)); *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (noting that the court

/////

---

[1] The court noted in its prior order that plaintiff's counsel was also the plaintiff's attorney of record in *Pena v. Motahar Motahar*, Case No. 2:24-cv-01760-DAD-CKD, another recent case assigned to the undersigned where the same plaintiff's counsel failed to file a scheduling report as required on two occasions, failed to appear at the initial scheduling conference, and failed to respond to the court's order to show cause, resulting in the dismissal of that action. (Doc. No. 10 at 2.) The court has since identified that plaintiff's counsel is or has been the attorney of record in thirty-two different actions filed in this court, twenty-seven of which were filed on behalf of plaintiff Thomas, and twenty-five of which were closed within days, or at most a few months, after filing.

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

has the inherent power to manage its own proceedings and to "discipline the members of the bar who appear before it").

IT IS SO ORDERED.

Dated:  __**April 7, 2025**__                         _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3